**Rufus I. NICKENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–96–01515–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1998.

Bruce C. Green, Huntsville, for Appellant.

Davie Weeks, Huntsville, for Appellee.

Before SCHNEIDER, C.J., and HEDGES and NUCHIA, JJ.

## OPINION

HEDGES, Justice.

After a jury found appellant guilty of unlawfully carrying a weapon, the State moved to forfeit the seized weapon. The trial court ordered forfeiture of the pistol to the Walker County Sheriff's Department. Appellant appeals the civil forfeiture following his criminal conviction.

Deputies of the Walker County Sheriff's Department arrested appellant and seized his throwing knife and FEG PMK .380 pistol. Appellant was charged with unlawfully carrying a weapon and was later convicted by a jury.

After conviction, the State filed a motion for forfeiture of seized weapons. The trial court refused to forfeit appellant's knife because it was not a prohibited weapon. It ordered the pistol forfeited based on the trial court's determination that appellant's possession of the pistol would pose a threat to the community.

In his sole point of error, appellant contends that the trial court abused its discretion by ordering the weapon forfeited. He urges that nothing in the record indicates that he would pose a threat to the community. He argues that due process and fundamental fairness require that there be some rational basis for the court's ruling.

When a person is convicted of an offense involving the use of a weapon, the trial court entering judgment shall order the destruction or forfeiture of the weapon to the State if the court determines that the defendant's possession of the seized weapon would pose a threat to the community based upon the circumstances surrounding the commission of the offense. TEX.CODE CRIM.P.ANN. art. 18.19(d)(5) (Vernon Supp.1998). Unless the defendant requests return of the weapon, the State is not required to file any additional pleadings, notify the owner, or hold an evidentiary hearing before forfeiting the weapon. *Martin v. State*, 873 S.W.2d 457, 460 (Tex.App.—Waco 1994, no writ).

Appellant was convicted of unlawfully carrying a weapon under Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 42.06, 1993 Tex.Gen. Laws 3686–87 (amended 1997) (current version at TEX.PEN. CODE ANN. sec. 46.02 (Vernon Supp.1998)). If a person found in possession of a weapon is subsequently convicted or receives deferred adjudication, he is entitled to return of the weapon seized, upon request. TEX.CODE CRIM.P. art. 18.19(d) (Vernon Supp.1998). The court entering judgment can order the weapon destroyed or forfeited, however, if it determines that possession of the weapon would pose a threat to the community. TEX.CODE CRIM.P. art. 18.19(d)(5).

At the forfeiture hearing, the trial court declined to hear evidence, merely stating:

> I remember the circumstances surrounding this case. I do feel that possession of that gun by this defendant would pose a threat to the community.

There is no factual evidence in the forfeiture hearing record upon which the trial court could rationally base its finding of threat to the community. If we examine the record of appellant's criminal conviction, the most we see is a conviction for possession of an illegal weapon. There are no additional facts which would suggest danger, such as use or threatened use of the weapon. We do not believe that conviction of possession of an illegal weapon, standing alone, suffices to support a finding that possession of the weapon poses a threat to the community.

We sustain point of error one.

We reverse the judgment of the trial court, and remand the cause to the trial court with instructions to vacate the order of forfeiture

dated July 18, 1996, and return the weapon to appellant.