IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 8, 2008 Session

## JAMES G. THOMAS, JR., EX REL. KAREN G. THOMAS v. ELIZABETH OLDFIELD, M.D., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 05C3207     Walter C. Kurtz, Judge**

---

**No. M2007-01693-COA-R3-CV - Filed: June 2, 2008**

---

The issue on appeal in this medical malpractice action is whether the hospital is vicariously liable for the acts or omissions of an emergency room physician. The trial court summarily dismissed all claims against the hospital finding that it was not vicariously liable for the conduct of the emergency room physician because he was neither its actual or apparent agent. We find the trial court correctly granted summary judgment to the hospital on the issue of actual agency because there are no material facts in dispute and the hospital is entitled to summary judgment on the issue of actual agency as a matter of law. We, however, find that material facts are in dispute concerning whether the hospital held itself out to the public as providing medical services; whether the plaintiff looked to the hospital rather than to the individual physician to perform those services; whether the patient accepted those services in the reasonable belief that the services were provided by the hospital or a hospital employee; and, if so, whether the hospital provided meaningful notice to the plaintiff at the time of admission that the emergency room physician was not its agent. Accordingly, we have determined the hospital was not entitled to summary judgment on the issue of apparent agency. Therefore, we remand to the trial court the issue of apparent agency for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and DAVID H. WELLES, SP.J., joined.

William D. Leader, Jr., and John B. Carlson, Nashville, Tennessee, for the appellant, James G. Thomas, Jr., brother and next of kin of Karen G. Thomas, deceased.

C. J. Gideon, Jr., and Margaret Moore, Nashville, Tennessee, for the appellee, Crockett Hospital, LLC.

**OPINION**

On December 13, 2004, Karen G. Thomas was experiencing severe abdominal pain following surgery performed five days earlier.[1] When Chris Price arrived to take Ms. Thomas to the hospital, he found her bent over in pain and holding her abdomen with her arms. Ms. Thomas directed Mr. Price to "just carry me down here to the hospital so I can get something for the pain." Ms. Thomas was then taken to the emergency room at Crockett Hospital around 5:30 p.m.

While waiting for treatment in the emergency room as she was experiencing great pain, Ms. Thomas signed a lengthy consent form for medical treatment that contained twelve enumerated paragraphs and numerous subparagraphs. Only one of the paragraphs in the Conditions of Admission and Authorization for Medical Treatment Form that Ms. Thomas signed addressed the issue before the court. It reads as follows:

> 9.    **Legal Relationship Between Hospital and Physician**
> I understand that, unless I am specifically otherwise informed in writing, all physicians furnishing services to me, including the pathologist, anesthesiologist, *emergency room physician*, and the like, are independent contractors and are not employees or agents of the Hospital. . . ." (Emphasis added.)

After signing the form, Ms. Thomas was asked by the triage nurse to rate her pain on a scale of one to ten, with ten being the worst pain she had ever experienced. Ms. Thomas responded that her pain was a ten.

Thereafter, Ms. Thomas saw Dr. Charles Love, M.D., the only physician on duty in the emergency room. Dr. Love ordered blood and urine tests and x-rays. He subsequently diagnosed Ms. Thomas with a urinary tract infection, prescribed her an antibiotic, and told her to follow-up with her primary care physician. Dr. Love discharged Ms. Thomas from the emergency room at 11:20 p.m. that same day.

The next morning, Ms. Thomas was still in pain, her speech was slurred, and she was having difficulty talking. She was taken back to the emergency room at Crockett Hospital where the emergency room physician on-duty, Dr. June McMillan, diagnosed Ms. Thomas' condition as "sepsis." Shortly after arriving at the Crockett Hospital emergency room, Ms. Thomas suffered cardiopulmonary arrest requiring intubation and mechanical ventilation. She was then taken by Air Ambulance to Baptist Hospital in Nashville.

---

[1] The plaintiff originally filed a wrongful death action against seventeen healthcare defendants for medical care provided over a period of time at different locations that allegedly led to the death of Karen G. Thomas. However, only the claims against Crockett Hospital, LLC, are at issue in this appeal. Thus, only the facts that pertain to the issues on appeal against Crockett Hospital are addressed here.

Within fifteen minutes of arriving at Baptist Hospital, Ms. Thomas again suffered cardiopulmonary arrest. Unfortunately, resuscitation efforts were unsuccessful. The autopsy listed her cause of death as "complications from diverticular disease."

On October 18, 2005, James G. Thomas, Jr. (the "plaintiff") filed this wrongful death action on behalf of his deceased sister. The plaintiff's complaint alleged that Crockett Hospital, LLC (the "hospital") was vicariously liable for the medical negligence of its emergency room physician, Dr. Charles Love, that the hospital was negligent by failing to properly supervise, train, and monitor Dr. Love, and that the hospital deviated from the recognized minimum standard of acceptable professional practice. On April 11, 2007, Crockett Hospital filed its Motion for Summary Judgment. The only portion of the hospital's Motion for Summary Judgment that was contested was the claim that the hospital was vicariously liable for the conduct of its emergency room physician, Dr. Love, under the theory of actual and apparent agency.

After a full hearing on the merits, the trial court granted summary judgment to the hospital finding the hospital was not vicariously liable for the conduct of Dr. Love, the emergency room physician, because he was neither its actual nor apparent agent. This appeal followed.

## STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

Summary judgment is appropriate where a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall*, 113 S.W.3d 721. Moreover, it is proper in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d at 210; *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001); however, it is not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. The party seeking a summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that the party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d at 695. Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). The court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow

all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd v. Hall*, 847 S.W.2d at 210; *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

## ANALYSIS

The plaintiff presents two issues on appeal. One, whether the trial court erred in granting the hospital summary judgment on the issue of actual agency. Two, whether the trial court erred in granting the hospital summary judgment on the issue of apparent agency.

## ACTUAL AGENCY

The trial court summarily dismissed the plaintiff's claim that was based on the contention that Dr. Love was the actual agent of the hospital. We affirm that decision.

In general, the concept of agency includes every relation in which one person acts for or represents another. *White v. Revco Discount Drug Ctrs., Inc.*, 33 S.W.3d 713, 723 (Tenn. 2000) (internal quotation omitted). Whether an agency relationship exists is a question of fact under the circumstances of the particular case and is determined by examination of agreements among the parties or of the parties' actions. *Id.* "The principal's right to control the acts of the agent is a relevant factor when determining the existence of an agency relationship." *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 343 (Tenn. 2002). Similarly, whether an agency relationship exists depends upon the amount of control by the principal over the "means and method" of the work of the agent. *Davis v. University Physicians Found. Inc.*, No. 02A01-9812-CV-00346, 1999 WL 643388, at *4 (Tenn. Ct. App. Aug. 24, 1999).

When an agency relationship exists, the principal may be held vicariously liable for the negligence of his agent. *Johnson*, 74 S.W.3d at 343. However, the general rule is that an employer is not ordinarily liable for the negligence of an independent contractor. *Carr v. Carr*, 726 S.W.2d 932, 933 (Tenn. Ct. App. 1986). The burden of proving an agency relationship is on the person alleging its existence. *Sloan v. Hall*, 673 S.W.2d 548, 551 (Tenn. Ct. App. 1984) (citing *Cobble v. Langford*, 230 S.W.2d 194 (Tenn. 1950); *Testerman v. Home Beneficial Life Ins. Co.*, 524 S.W.2d 664 (Tenn. App. 1974)).

There is no evidence in the record that Dr. Love was an actual agent of the hospital. It is undisputed that Dr. Love was employed by Emergency Coverage Corporation (ECC), ECC provided Dr. Love's malpractice insurance, and ECC determined his schedule while working at the hospital. There is no evidence in the record that the hospital directed Dr. Love's treatment of his patients. To the contrary, hospitals in Tennessee are legally precluded from controlling the means and methods by which physicians render medical care and treatment to hospital patients, *see* Tenn. Code Ann. §§

63-6-204(f)(1)(A) and 68-11-205(b)(1)(A).  Moreover, hospitals are specifically precluded from employing emergency physicians. *See* Tenn. Code Ann. §§ 63-6-204(f)(1) and 68-11-205(b)(6).

There being no evidence upon which to find that Dr. Love was an actual agent of the hospital, we affirm the summary dismissal of the plaintiff's claim against the hospital based on the theory of actual agency.

APPARENT AGENCY

The trial court reluctantly granted summary judgment to the hospital on the claim it was vicariously liable for Dr. Love's actions or conduct under the theory of apparent agency due to this court's ruling in *Boren v. Weeks*, No. M2007-00628-COA-R9-CV, 2007 WL 1711666 (Tenn. Ct. App. June 12, 2007).  The trial court went on to state that if it did not feel bound by this Court's opinion in *Boren*, it would have determined there was an inference of reliance in the hospital setting that has not been overcome by the hospital in regard to its motion for summary judgment, and therefore, the trial court would have denied the motion on the issue of apparent agency.

Subsequent to the trial court's grant of summary judgment in this matter, the Tennessee Supreme Court adopted the Restatement (Second) of Torts § 429 in its ruling in *Boren v. Weeks*, No. M2007-00628-SC-R11-CV, 2008 WL 1945985, at *6, ___ S.W.3d. ___  (Tenn. May 6, 2008). Under this approach, "[t]o hold a hospital vicariously liable for the negligent or wrongful acts of an independent contractor physician, a plaintiff must show that (1) the hospital held itself out to the public as providing medical services; (2) the plaintiff looked to the hospital rather than to the individual physician to perform those services; and (3) the patient accepted those services in the reasonable belief that the services were provided by the hospital or a hospital employee." *Id.* at *9. Our Supreme Court further noted that a hospital may be able to avoid vicarious liability for the negligence of an independent contractor by providing *meaningful* written notice to the patient that is acknowledged at the time of admission.  *Id.*  The Court, however, went on to state that in certain cases, as "in the case of a medical emergency, . . . written notice may not suffice if the patient had an inadequate opportunity to make an informed choice." *Id.* (citing *Sword v. NKC Hosps., Inc.*, 714 N.E.2d 142, 152 (Ind. 1999)).  Therefore, the Court stated, the issue often becomes what constitutes "'meaningful' notice." *Id.*

In discussing what constitutes "meaningful notice," our Supreme Court looked to the decision of the Georgia Court of Appeals in *Cooper v. Binion*, 598 S.E.2d 6 (Ga. Ct. App. 2004), which stated:

> Generally, posting a conspicuous sign in the admissions area that the emergency room physicians are not hospital employees and having the patient sign an acknowledgment to this effect would preclude a claim of apparent authority. However, since there was testimony that a witness present that day did not recall seeing any such signs in the admissions area, and there was no testimony that either Cooper or his wife saw such, some evidence would indicate that no such sign was posted or if so, it was not conspicuous. The acknowledgment in the admitting form

was one of thirteen paragraphs in a two-page document signed by Cooper's wife, and nothing indicates that the hospital called attention to the acknowledgment. Under these circumstances and evidence, we cannot hold that the hospital as a matter of law sufficiently notified Cooper that Dr. Binion was not its employee.

598 S.E.2d at 11-12. Using the *Cooper* analysis, the Tennessee Supreme Court reasoned that while the hospital included a disclaimer in the consent form, it was not sufficient, as a matter of law, to provide adequate notice that the physician was not its employee. *Boren*, 2008 WL 1945985, at *10. Further, our Supreme Court found it significant that the acknowledgment in the consent form was in the second half of one paragraph of a three-page form, there was no evidence that the hospital called attention to the disclaimer, and that the hospital staff did not as a matter of practice explain that the physicians were independent contractors rather than employees or agents. *Id.*

As was the case in *Boren*, we are unable to hold that the hospital in this case, as a matter of law, sufficiently notified Ms. Thomas that Dr. Love was not its agent. The Conditions of Admission and Authorization for Medical Treatment form signed by Ms. Thomas contained a clause stating that the emergency room physicians were independent contractors; however, that clause was merely number nine of twelve clauses, it was not set out in any way from the rest of the form language, and it was not separately acknowledged, as was the case in *Boren*. Nothing in this record suggests that this clause was brought to Ms. Thomas' attention. Furthermore, Ms. Thomas was in extreme pain when she was taken to the hospital's emergency room. Based upon these facts, we find there exists a dispute of a material fact, that being whether the disclaimer provided to Ms. Thomas in the emergency room constituted meaningful notice that Dr. Love was not an agent of the hospital. Accordingly, the hospital was not entitled to summary judgment on the issue of apparent agency.

## IN CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part and remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed against Crockett Hospital, LLC.

_____
FRANK G. CLEMENT, JR., JUDGE