IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2018

## CHARLES MONTAGUE v. MICHAEL D. KELLUM

**Appeal from the Circuit Court for Washington County**
**No. 7877      James E. Lauderback, Judge**

_____

### No. E2017-02526-COA-R3-CV

_____

A man convicted of multiple criminal offenses sued his former criminal defense attorney for legal malpractice, and the trial court granted the defendant's motion for summary judgment. On appeal, the plaintiff argues that the trial court erred in dismissing his legal malpractice action. Because the plaintiff failed to establish a necessary element of his claim for criminal legal malpractice—namely, exoneration—we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Charles Montague, Mountain City, Tennessee, Pro Se.

Christopher Cahill Field and Darryl Gene Lowe, Knoxville, Tennessee, for the appellee, Michael D. Kellum.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

In 1990, Charles Montague was convicted by a jury of possession of cocaine for resale, possession of marijuana, and possession of drug paraphernalia. The following year, the Tennessee Court of Criminal Appeals reversed Mr. Montague's drug convictions based upon ineffective counsel and remanded the case for retrial. *State v. Montague*, No. 03C01-9105CR134, 1991 WL 236724, at *2-3 (Tenn. Crim. App. Nov. 15, 1991). Prior to his retrial on the drug offenses, Mr. Montague was convicted of first degree murder and sentenced to life imprisonment; the Court of Criminal Appeals

affirmed the conviction and sentence. *State v. Montague*, No. 03C01-9306-CR-00192, 1994 WL 652186, at *10 (Tenn. Crim. App. Nov. 21, 1994). Then, in 1993, he was retried on the drug offenses and convicted again. The criminal court sentenced Mr. Montague to six years for the cocaine offense and to a shorter time for the misdemeanor offenses; all of the sentences were to be served consecutively to one another and to the life sentence for first degree murder. The Court of Criminal Appeals affirmed the judgment of the criminal court in 1995. *State v. Montague*, No. 03C01-9406-CR-00233, 1995 WL 509426, at *5 (Tenn. Crim. App. Aug. 29, 1995).

On August 6, 1996, Mr. Montague filed a petition for post-conviction relief in the Washington County criminal court. After this initial filing, attorney Michael D. Kellum began to represent him and filed an amended petition for post-conviction relief. The criminal court dismissed the post-conviction petition on April 15, 1999, in an order in which the court cited a number of reasons, including the following:

> 1. The Court finds the petition's Writ and Amended Writ for Post Conviction Relief are improper in form, in that the petition and amended petition, do not state facts within these petitions to support the allegations that would require setting this action for hearing and is therefore dismissed.
> 2. The Court finds that the issue of revealing the confidential informant in the underlying case has been previously determined not to be applicable to this case by the Court of Appeals. The issue is not subject to Post Conviction relief. . . .
> 3. As to the issue of ineffective assistance of counsel, the court finds that there are no facts in the documents before the court to show this court that counsel was deficient in any way, and secondly, that based on the same reasoning, there was no showing of prejudice. Therefore, this issue is dismissed.
> 4. Also, the petitioner claims that there was a selective discriminatory selection of jurors by the State in the grand jury and petit jury that heard his case. The Court finds that there are no facts in the petition or amended petition to support such allegations and petitioner's claim on this issue is dismissed.
> 5. The next issue, whether the underlying conviction and sentence, is unconstitutional due to perjured testimony by the State, this issue was raised on appeal. Therefore, because this issue has previously been heard by the Court of Appeals, it is found that this issue is not subject to Post-Conviction Relief and is therefore dismissed.
> 6. As to the issue that petitioner raised as to whether consecutive sentences or fines was unconstitutional in his case, [t]he Court finds that the only time that sentencing rises to a constitutional issue in Post-Conviction Relief is if the sentence exceeds the range provided by the statute. It is

therefore found, that none of the sentences in petitioner's case exceed any statutory range and this issue is dismissed.

7. The Court also finds that the petition has not met the basic requirements for filing a Petition for Post-Conviction Relief. One of the requirements is that the petition and any amended petition shall be verified under oath. The Court finds that the original petition was not verified properly. . . . Therefore, the Court holds the petition shall also be dismissed for lack of proper verification under oath.

8. As to the amended petition, the Court finds that the amended petition is not sworn to at all as required by this section . . . . Therefore, the Court finds that there is no verification, no statement of truth of the facts and this petition shall be dismissed for lack of proper verification under oath.

On September 4, 2001, the Court of Criminal Appeals upheld the lower court's dismissal of Mr. Montague's petition for post-conviction relief. *Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *2 (Tenn. Crim. App. Sept. 4, 2001).

Petition for Legal Malpractice.

Mr. Montague filed the initial complaint alleging legal malpractice against attorney Michael Kellum on December 28, 1999. Mr. Kellum filed a motion to dismiss for failure to state a claim upon which relief may be granted or, in the alternative, to stay the proceedings. The Circuit Court for Washington County granted the defendant's motion to convert the motion to dismiss to a motion for summary judgment and, in an order entered on September 28, 2000, granted Mr. Kellum's motion for summary judgment. On appeal, this Court held that the trial court "erred in blocking Plaintiff's discovery before it issued its decision regarding Defendant's Motion to Dismiss/Motion for Summary Judgment." *Montague v. Kellum*, No. E2000-02732-COA-R3-CV, 2001 WL 523364, at *6 (Tenn. Ct. App. May 17, 2001). We vacated the trial court's decision and remanded for discovery. *Id.* at *7.

On remand, the trial court granted Mr. Kellum's motion to dismiss Mr. Montague's legal malpractice action based upon the court's conclusion that the plaintiff had suffered no damages. On appeal, this Court considered the impact of our Supreme Court's decision in *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001), and held that Mr. Montague "must obtain exoneration either in the federal *habeas corpus* proceeding or in his criminal case proceedings before he can maintain the present legal malpractice action." *Montague v. Kellum*, No. E2002-01733-COA-R3-CV, 2002 WL 31640568, at *5 (Tenn. Ct. App. Nov. 22, 2002). We further ruled that the "case must be stayed pending resolution of the pending federal *habeas corpus* proceeding." *Id.* at *6.

<u>State and Federal Writs of Habeas Corpus.</u>

In February 2002, Mr. Montague filed his first writ of habeas corpus in the Criminal Court for Johnson County. Ineffective assistance of counsel was not a ground for this petition. The trial court summarily dismissed his petition, and the decision was upheld by the Court of Criminal Appeals. The Tennessee Supreme Court denied Mr. Montague's application for permission to appeal.

Mr. Montague filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Tennessee in 2007. The district court dismissed the petition on March 15, 2010. *Montague v. Carlton*, No. 2:07-CV-254, 2010 WL 983461, at *8 (E.D. Tenn. Mar. 15, 2010). The Sixth Circuit issued an order denying Mr. Montague's application for a certificate of appealability, and the United States Supreme Court denied his application for writ of certiorari.[1]

On April 8, 2010, Mr. Montague filed a second state court petition for writ of habeas corpus related to his drug convictions in the Circuit Court for Wayne County. The circuit court dismissed the petition for failure to state a claim upon which relief may be granted, and the Court of Criminal Appeals upheld that decision. *Montague v. Lindamood*, No. M2010-01653-CCA-R3-HC, 2010 WL 4890270, at *3 (Tenn. Crim. App. Dec. 1, 2010).

Mr. Montague filed a third state court petition for writ of habeas corpus in the Circuit Court for Washington County on November 7, 2011. The petition was dismissed by the trial court. On appeal, the Court of Criminal Appeals reversed for an evidentiary hearing on Mr. Montague's claim for pretrial jail credits. *Montague v. State*, No. E2012-00147-CCA-R3-HC, 2012 WL 4358746, at *6, 9 (Tenn. Crim. App. Sept. 25, 2012). In all other respects, the Court of Criminal Appeals affirmed the trial court's dismissal. *Id.* at *9.

The Sixth Circuit denied Mr. Montague's application for leave to file a second habeas corpus petition on January 14, 2015. And, on March 31, 2017, the Sixth Circuit denied another application for leave to file a second habeas corpus petition.

On March 18, 2015, Mr. Montague moved to reopen his post-conviction proceedings, making multiple allegations of ineffective assistance of post-conviction counsel based on *Martinez v. Ryan*, 566 U.S. 1 (2012), and its progeny. The trial court denied him relief, and Mr. Montague filed an application for permission to appeal with the Tennessee Court of Criminal Appeals, which denied the application on May 24, 2016.

---

[1] The Eastern District of Tennessee denied Mr. Montague's motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure on April 8, 2013. The Sixth Circuit Court of Appeals denied an application for a certificate of appealability on March 28, 2014.

On August 9, 2017, the trial court in the instant case, the Circuit Court for Washington County, granted Mr. Kellum's motion for summary judgment in the legal malpractice case brought by Mr. Montague. The court found that there were no genuine issues of material fact and that Mr. Kellum was entitled to judgment as a matter of law on the following grounds:

> 1. Plaintiff has failed to achieve any form of exoneration in numerous post-conviction proceedings, a necessary element in a legal malpractice action arising from the representation in a criminal matter (*See Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001)), and as a result, Plaintiff cannot meet his burden of establishing a legal malpractice claim;
> 2. In light of the Criminal Court's conclusion that the grounds asserted in the amended petition for post-conviction relief lacked merit, Plaintiff has suffered no damages as a result of the alleged breach of the standard of care, a necessary element of any legal malpractice claim (*See Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001) and *Montague v. Kellum*, No. E2000-02732-COA-R3-CV, 2001 WL 523364 (Tenn. Ct. App. May 17, 2001)), and as a result, Plaintiff cannot meet his burden of establishing a legal malpractice claim; and
> 3. Plaintiff has failed to offer a response to Defendant's *Rule 56.03 Statement of Material Facts Not in Dispute* and *Motion for Summary Judgment* in accordance with Tenn. R. Civ. P. 56 and Local Rule 5.01(B).

Mr. Montague filed a "Motion for Relief from Judgment and/or Request to Vacate and Re-Enter Judgment" on November 24, 2017, pursuant to Tenn. R. Civ. P. 60.02. The trial court granted Mr. Montague's Rule 60 motion. The judgment was re-entered on December 15, 2017, and Mr. Montague filed a notice of appeal on December 22, 2017.

On appeal, Mr. Montague argues that the trial court abused its discretion in dismissing his legal malpractice action. Mr. Kellum asserts that the trial court properly granted his motion for summary judgment; he further argues that the trial court abused its discretion in applying an incorrect legal standard to Mr. Montague's motion pursuant to Tenn. R. Civ. P. 60.02.

ANALYSIS

We begin by noting that Mr. Montague, who has no legal training, is representing himself in this appeal. Parties who decide to represent themselves "are entitled to fair and equal treatment" by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *see also Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). As we explained in *Hessmer v. Hessmer,* 138 S.W.3d 901 (Tenn. Ct. App. 2003), "[t]he courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure

the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." *Hessmer*, 138 S.W.3d at 903 (citations omitted). We further stated in *Hessmer*:

> [T]he courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.
> . . . .
> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. . . . Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Id.* at 903-04 (citations omitted).

The order on appeal is the trial court's order entered on December 15, 2017, granting Mr. Kellum's motion for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 261-62 (Tenn. 2015) (quoting TENN. R. CIV. P. 56.04). Appellate courts review a trial court's decision on a motion for summary judgment de novo, with no presumption of correctness. *Rye*, 477 S.W.3d at 250 (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). A court ruling on a motion for summary judgment is required to construe the evidence "in the light most favorable to the nonmoving party" and to "resolve all inferences in the nonmoving party's favor." *Rains v. Bend of the River*, 124 S.W.3d 580, 587 (Tenn. Ct. App. 2003) (citing *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 342 (Tenn. 2002)).

If the party moving for summary judgment does not bear the burden of proof at trial, the movant may meet his or her burden of production in the following manner:

> (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye*, 477 S.W.3d at 264. Once the moving party satisfies these requirements, the nonmoving party "must demonstrate how these requirements have not been satisfied." *Rains*, 124 S.W.3d at 587. The Supreme Court has described the nonmoving party's burden as follows:

> [T]he nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial."

*Rye*, 477 S.W.3d at 265 (quoting TENN. R. CIV. P. 56.06).

In *Gibson v. Trant*, our Supreme Court held that "a criminal defendant must obtain post-conviction relief in order to maintain a legal malpractice claim against his defense lawyer." *Gibson*, 58 S.W.3d at 116. In stating its grounds for granting the defendant's motion for summary judgment in the present case, the trial court found that Mr. Montague "has failed to achieve any form of exoneration in numerous post-conviction proceedings." Mr. Montague responds that he has pending in the United States District Court for the Eastern District of Tennessee a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in the case of *Montague v. Carlton*, No. 2:07-CV-00254. Mr. Montague's Rule 60(b) motion does not, however, justify denial of the defendant's motion for summary judgment. The *Gibson* Court stated that, if a criminal legal malpractice claim is not dismissed on the pleadings or on summary judgment, "the [trial] court must await the outcome of the post-conviction proceeding before deciding whether the case should go to a jury." *Id.* at 117. In *Montague v. Kellum*, we stated that the holding in *Gibson* required the trial court to "await the outcome of any pending post conviction proceeding but not potential or possible post-conviction proceeding yet to be filed." *Kellum*, 2002 WL 31640568, at *6. Because Mr. Montague's new Rule 60(b) motion to set aside was not filed until after Mr. Kellum's motion for summary judgment had been filed in the trial court and, therefore, was not pending at the time the summary judgment motion was made, we believe that the trial court was not required to await the outcome of the Rule 60(b) motion in federal court. Moreover, Mr. Montague was not initiating a new proceeding, but filing a motion to set aside the judgment dismissing his petition for a writ of habeas corpus in a previous post-conviction proceeding. *See Carlton*, 2010 WL 983461. Thus, there was no pending habeas corpus proceeding preventing the trial court from granting summary judgment to Mr. Kellum.

Because we have concluded that the trial court properly found that Mr. Montague cannot establish a necessary element of his claim for criminal legal malpractice—namely, exoneration—we need not consider his other arguments.[2] Furthermore, we need not

---

[2] Mr. Montague asserts that the trial court erred in granting the defendant summary judgment because there remains a genuine issue of material fact concerning whether he suffered an injury because of Mr.

address the argument raised by Mr. Kellum that the trial court erred in applying an incorrect legal standard to the plaintiff's Rule 60.02 motion for relief from the judgment.

CONCLUSION

The judgment of the trial court is affirmed. This matter is remanded with costs of appeal assessed against the appellant, Charles Montague, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

Kellum's failure to file a petition that was properly verified under oath.