Michael JONES, et al.

v.

METHODIST HEALTHCARE, et al.

Court of Appeals of Tennessee,
at Jackson.

Oct. 8, 2001.

Application for Permission to Appeal
Denied by Supreme Court
March 4, 2002.

Jason G. Whitworth, Covington, Tennessee, for appellants, Michael Jones and wife, Charli Jones.

Thomas R. Prewitt, Jr. and Karen B. Hall, Memphis, Tennessee, for appellee, Methodist Healthcare.

David M. Cook, Memphis, Tennessee, Karen S. Koplon, for appellee, Mid–South Regional Blood Center a/k/a Lifeblood.

Tim Edwards and R. Douglas Hanson, Memphis, Tennessee, for appellee, Florida Blood Services, Inc. d/b/a Southwest Florida Blood Bank.

## OPINION

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Plaintiffs, husband and wife, sued Defendants alleging that Husband was negligently supplied with untested or contaminated blood and blood products during his hospitalization in 1986. Defendants are the Hospital and suppliers of blood and blood products. Husband learned for the first time on May 7, 1999, that he had contacted HIV and suffered from Acquired Immune Deficiency Syndrome (AIDS). The trial court dismissed the complaint on the basis that it was barred by the ten year statute of repose set forth in Tenn. Code. Ann. § 29–28–103. We affirm.

Michael Jones and wife, Charli Jones sued Methodist Healthcare (MHC), Mid–South Regional Blood Center a/k/a Lifeblood (MRBC) and Florida Blood Services, Inc. d/b/a Southwest Florida Blood Bank (FBS) alleging in their complaint, as amended, that the Defendants negligently supplied and/or allowed to be supplied untested or contaminated blood during Mr. Jones' hospitalization in MHC's facility in 1986. It is alleged that Mr. Jones was involved in an automobile accident on November 11, 1986 and was hospitalized as a result of injuries sustained. While in the hospital, he was started on blood products prior to and during surgery. The blood products were supplied to MHC by Defendants MRBC and FBS. The blood and blood products were either untested or negligently tested and contained the causative agent for AIDS. On or about May 7, 1999, Mr. Jones learned for the first time from his doctors that testing showed that he had contacted HIV and was suffering from AIDS. It is further alleged that the Defendants knew or should have known that a person receiving a transfusion of blood or blood products in 1986 was at risk and Defendants had a continuing duty to notify Plaintiffs. Plaintiffs also aver that the doctrines of *res ipsa loquitur* and *respondeat superior* are applicable and that the Defendants violated the statutory duty created by the enactment of section 68–32–102 of the Tennessee Code.[1]

---

1. **Facilities to test for AIDS—Contaminated blood—Cause of action for AIDS infection from untested blood.**—(a) All facilities collecting fresh human blood or plasma directly from an individual donor shall have such blood or plasma tested for the potential presence of the causative agent for Acquired Immune Deficiency Syndrome (AIDS).

 (b) Any blood shown by appropriate medical testing to be potentially contaminated by the causative agent for AIDS shall not be used for transfusions, or for any other purposes

■ MRBC and FBS filed motions to dismiss and MHC filed a motion for summary judgment contending that the Plaintiffs' cause of action was barred by the statute of repose set forth in section 29–28–103(a).[2] The ten year period set forth in this statute is a statute of repose. *See Wyatt v. A–Best Prod. Co.*, 924 S.W.2d 98, 102–03 (Tenn.Ct.App.1995) *perm. app. denied* May 28, 1996.

The trial court granted MHC's motion for summary judgment and MRBC's motion to dismiss, finding in each instance that the statute of repose applicable to this action is that of a products liability action and that the Plaintiffs' action is time barred.[3] The Plaintiffs have appealed contending that the trial court was in error in dismissing their complaint.

As stated in *Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn.1977),

[a] complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint. It is not necessary for the defendant to submit evidence in support of his motion when the facts on which he relies to defeat plaintiff's claim are admitted by the plaintiff in his complaint.

The essential facts as they relate to the application of the statute of repose are set forth in the complaint wherein it is alleged that Mr. Jones' hospitalization and transfusion occurred in November, 1986, he first learned of his illness in May, 1999, and the complaint was filed February 4, 2000. Statutory construction is a question of law which we review *de novo* with no presumption of correctness. It is our role in construing statutes to ascertain and give effect to legislative intent, which is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn.1998).

The trial court relied upon *Spence v. Miles Laboratories, Inc.*, 37 F.3d 1185 (6th Cir.1994), which involved a suit filed by a plaintiff who suffered from hemophilia. It

---

which may pose a threat of transmission of the virus.

(c) Any person who contracts AIDS from any contaminated blood or blood product shall have a cause of action for damages, including all medical expenses, against any facility supplying untested blood, if such person can establish that such person received any untested blood, or blood product derived therefrom, from such supplier.

(d) This section shall not apply in those emergency situations where the attending physician determines that failure to transfuse will be life threatening to the patient.

Tenn.Code Ann. § 68–32–102 (1996) (Enacted March 24, 1986).

2. **Limitation of actions—Exception.**—(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tenn.Code Ann. § 29–28–103(a) (2000).

3. The record before us discloses that FBS filed a motion to dismiss but the record does not contain an order granting that motion. In the orders granting the motions of MHC and MRBC the trial court directed the entry of a final judgment pursuant to Rule 54.02 Tenn. R. Civ. P.

was alleged that he contracted AIDS from a blood clotting factor concentrate manufactured by the defendant. Plaintiff also received fresh frozen plasma. The federal circuit court affirmed the decision of the United States District Court for the Eastern District of Tennessee which granted the defendant summary judgment and held that the plaintiff's complaint related to a product and the ten year statute of repose applicable to product liability actions barred this action. As the court stated in *Spence:*

> In short, we believe, as did the district court, that even if the statute does apply, plaintiff's claim is nonetheless time-barred. Because § 68–32–102 does not reference a statute of limitations or repose, we look to the "gravamen" of the action, rather than any designation as either contract or tort, in determining what limitations period is controlling. *See Pera v. Kroger Co.,* 674 S.W.2d 715, 719 (Tenn.1984); *Electric Power Bd.,* 879 F.2d at 1375. As noted by the district court, "[w]hether formulated as a 'strict liability' claim for damages resulting from untested blood products under § 68–32–102, or as a negligence claim, the plaintiff's claims manifestly relate to a product." [*Spence v. Miles Labs., Inc.,* 810 F.Supp. 952, 959 (E.D.Tenn.1992).] A product liability action under Tennessee law is broadly defined to include

>> all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

Tenn.Code Ann. § 29–28–102(6).

. . . .

Notwithstanding, plaintiff argues that the one-year statute of limitations for injures to the person should apply. *See* § 28–3–104 (1993). If plaintiff is correct, the suit would have been timely because it was filed within one year after Spence discovered, or in the exercise of reasonable care, should have discovered, that he had AIDS. Plaintiff's argument that the personal injury limitations period, rather than the products liability statute of repose, should apply is premised upon a third statute, Tenn. Code Ann. § 47–2–316(5), which reads:

> The implied warranties of merchantability and fitness shall not be applicable to a contract for the sale, procurement, processing, distribution or use of human tissues (such as corneas, bones, or organs), whole blood, plasma, blood products, or blood derivatives. Such human tissues, whole blood, plasma, blood products, or blood derivatives shall not be considered commodities subject to sale or barter, and the transplanting, injection, transfusion or other transfer of such substances into the human body shall be considered a medical service.

Plaintiff argues that because the statute bars strict liability claims for the sale of blood products, the statute of repose for product liability actions should not be applied to the sale of blood products. In other words, plaintiff contends that because § 47–2–316(5) treats a cause of

action based upon a blood product differently from other products cases, then it should not be held to the limitations period imposed on product liability claims.

Plaintiff's argument has only a superficial appeal. First of all, merely because a legislature decides to preclude sales-based liability claims, i.e. implied warranty and strict liability, for blood and its derivatives because fault does not enter the equation, it does not necessarily follow that the legislature intends that blood and blood products be considered as something other than commodities or products for *all* purposes.... Furthermore, the fact that the Tennessee legislature included only the "transplanting, injection, transfusion or other transfer of such substances," in the definition of a "medical service," while deliberately excluding "sale, procurement, processing, distribution or use," reflects an intent to bar only strict liability and warranty-based claims but to otherwise consider blood and its derivatives a product and not a service for liability purposes. In sum, we think that the district court correctly concluded that plaintiff's negligence-based cause of action is governed by the products liability statute of repose, rather than the one-year limitations period for personal injuries. Thus, both plaintiff's statutory claim and negligence claim are time-barred by § 29–28–103(a).

*Spence*, 37 F.3d at 1189–1191 (emphasis in original) (footnotes omitted).

 Not surprisingly, Plaintiffs disagree with the holding of *Spence* and en-courage this court not to adopt the rationale of that decision. They argue that the Defendants had a statutory duty under section 68–32–102 to test for the potential presence of the causative agent for AIDS and that subsection (c) of that statute provides that any person who contracts AIDS from contaminated blood or blood products shall have a cause of action for damages against the supplier of untested blood. They contend that this action should not be barred by the statute of repose because, due to the long latency period of the HIV virus, to hold otherwise would suggest that the legislature created a right without a remedy. A statute of limitations governs the time within which suit may be brought once a cause of action accrued. A statute of repose limits the time within which an action may be brought, "but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued." *See Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn.1995) (citing *Watts v. Putnam County*, 525 S.W.2d 488, 491 (Tenn.1975); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A.2d 413, 421 (Del.1984)). Statutes of repose are substantive and extinguish both the right and the remedy while statutes of limitations are procedural, extinguishing only the remedy. *See Wyatt v. A–Best Co.*, 910 S.W.2d 851 (Tenn.1995).

Plaintiffs further contend that, with the passage of section 47–2–316(5)[4] of the Tennessee Code, our legislature has plainly expressed that whole blood, plasma, blood products, blood derivatives and other human tissues described therein should

---

4. The implied warranties of merchantability and fitness shall not be applicable to a contract for the sale, procurement, processing, distribution or use of human tissues (such as corneas, bones, or organs), whole blood, plasma, blood products, or blood derivatives. Such human tissues, whole blood, plasma, blood products, or blood derivatives shall not be considered commodities subject to sale or barter, and the transplanting, injection, transfusion or other transfer of such substances into the human body shall be considered a medical service.
Tenn.Code Ann. § 47–2–316(5) (1996).

not be treated as products. Therefore, the statute of repose applicable to product liability actions should not apply. As we have heretofore noted, the *Spence* court addressed this same argument and reasoned that just because the legislature decides to preclude sales based liability claims such as implied warranty and strict liability for blood and its derivatives because fault does not enter the equation, does not necessarily mean that the legislature intended that blood and blood products be considered as something other than commodities or products for all purposes.

We further note that the legislature specifically provided in the statute of repose at section 29–28–103(b) that the limitations set forth in subsection (a) "shall not apply to any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants." It is further provided at subsection (c)(1) that the statute of repose against the manufacturer or seller for injury caused by a silicone gel breast implant "must be brought within a period not to exceed twenty-five (25) years from the date the product was implanted; provided that such action must be brought within four (4) years from the date that the plaintiff knew or should have known of the injury." Therefore, the legislature chose not to exclude an action such as the present one from the application of the statute of repose.

■ Only the hardest of hearts could not feel deeply for the Plaintiffs, Michael Jones and Charli Jones. However, we are not permitted to allow sympathy to enter into our decisions on matters of law. We conclude that the blood and blood products transfused into Mr. Jones in 1986 were in fact products within the meaning of the statute of repose applicable to claims for product liability. As the court noted in

*Spence,* section 68–32–102 does not reference a statute of limitations or repose.

This Court has previously held that the ten year statute of repose was not in conflict with Tenn.Code Ann. § 28–3–104(b). In *Wyatt v. A–Best Products Company,* 924 S.W.2d 98 (Tenn.Ct.App.1995), the Court said as follows:

> Wyatt argues that a construction such as the one we have applied in this case would create a conflict with T.C.A. § 28–3–104(b), which states,
>
>> For the purpose of this section, in products liability cases:
>>
>> (1) The cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product;
>>
>> (2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and
>>
>> (3) Under no circumstances shall the cause of action be barred before the person sustains an injury.
>
> A cursory comparison of the language quoted above with that of T.C.A. § 29–28–103(a) ("*notwithstanding any exceptions to these provisions* [which would include § 28–3–104(b) ] ... *in any event,* the action must be brought within ten (10) years ..." (emphasis added)) provides the answer to that contention—there is no conflict between the two statutes.

*Id.* at 104.

■ Plaintiffs further contend that this is an action for personal injury and is thus governed by Tenn.Code Ann. § 28–3–104. This statute provides a one year statute of limitations for injuries to the person. They are correct in that the statute of limitations on a tort action commences when the plaintiff discovers, or in the exer-

cise of reasonable diligence should have discovered, that an actionable injury has occurred. *See Wyatt v. A–Best Co.,* 910 S.W.2d 851 (Tenn.1995); *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487 (Tenn.1975). Having determined that the trial court was correct in its ruling that the Plaintiffs' action was barred by the ten year statute of repose, we reject this argument.

Plaintiffs further rely upon Tenn.Code Ann. § 29–26–116, the one year statute of limitations in malpractice actions. Section (a)(2) of that statute provides: "in the event the alleged injury is not discovered within such one (1) year period, the period of limitation shall be one (1) year from the date of such discovery." Having determined that this is not an action in malpractice, we reject this argument. Furthermore, section 29–26–116(a)(3) provides for a three year statute of repose.

The judgments of the trial court are affirmed and the costs of this appeal are taxed to the Appellants, Michael Jones and Charli Jones, and their surety.