IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 1, 2017

## SUNTRUST BANK V. MATTHEW ROBERT RITTER

Appeal from the Circuit Court for Rhea County
No. 2016-CV-308    Thomas W. Graham, Judge

_____

### No. E2017-01045-COA-R3-CV

_____

A bank filed an action against a debtor to collect the outstanding balance on an installment loan approximately five and one-half years after the cause of action accrued. After finding that Florida's five-year statute of limitations for actions on contracts applied, the trial court denied the bank's motion for summary judgment and granted the debtor's motion to dismiss for failure to state a claim. The bank appeals, and we reverse the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and KENNY W. ARMSTRONG, JJ., joined.

Mary Barnard Cheadle and John R. Cheadle, Jr., Nashville, Tennessee, for the appellant, SunTrust Bank.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a 2007 loan made by SunTrust Bank ("SunTrust") to Matthew Robert Ritter. SunTrust is a Georgia banking corporation that is qualified to operate in Tennessee. Mr. Ritter is a resident of Spring City, Tennessee.

On February 16, 2007, Mr. Ritter executed an "access 3" equity line account agreement ("the Agreement") with SunTrust that granted him a line of credit in the amount of $110,500.00. The loan was secured by a mortgage on real property that Mr. Ritter owned in Florida. Because SunTrust Mortgage, Inc.[1] held a mortgage on Mr.

_____

[1] SunTrust and SunTrust Mortgage, Inc. are separate entities.

Ritter's Florida property at the time the Agreement was executed, SunTrust held a junior mortgage on the property.

The Agreement provided that Mr. Ritter could request advances on the line of credit for a period of ten years and required the loan to be paid in full no later than twenty years from the date the Agreement was executed (February 16, 2027). The Agreement also included the following relevant provisions:

> **Late Charge.** Your payment will be late if it is not received by us within 7 days after the "Payment Due Date" shown on your periodic statement. If your payment is late we may charge you 5.000% of the payment.
>
> . . . .
>
> **Collection Costs.** We may hire or pay someone else to help collect this Agreement if you do not pay. You will pay us that amount. This includes, subject to any limits under applicable law, our costs of collection, including court costs and fifteen percent (15%) of the principal plus accrued interest as attorneys' fees or reasonable attorneys' fees as allowed by law . . . .
>
> . . . .
>
> **Governing Law.** This Agreement will be governed by federal law applicable to us and, to the extent not preempted by federal law, the laws of the State of Florida without regard to its conflicts of law provisions. This Agreement has been accepted by us in the State of Florida.

Between 2007 and 2011, Mr. Ritter received several advances on the line of credit. He made payments on the loan through February 15, 2011. SunTrust received no other payments from him after that date despite a remaining balance of $106,442.43. On September 7, 2011, SunTrust formally charged-off the account.[2]

SunTrust Mortgage, the senior mortgage holder, initiated foreclosure proceedings on Mr. Ritter's Florida property and named SunTrust as a junior interest holder. On July 15, 2013, the Circuit Court for Charlotte County, Florida granted SunTrust Mortgage a final summary judgment of mortgage foreclosure in the amount of $184,980.25. The record does not indicate how much the Florida property sold for at the foreclosure sale. At the time of foreclosure, however, the Florida property was appraised at $98,489.00—

---

[2] When creditors charge-off an account, "they are taking an account off of their accounting books that they assume will never get paid. They consider it a loss and remove it from their balance sheet so that it can[not] be carried on the books as an asset." https://www.cambridge-credit.org/what-is-a-charge-off.html.

far less than the combined amount of $291,422.68 owed to SunTrust and SunTrust Mortgage. SunTrust received no funds from the foreclosure sale. Thus, the balance Mr. Ritter owed to SunTrust remained at $106,442.43.

On September 20, 2016, five years and seven months after Mr. Ritter's last payment on the loan, SunTrust filed a complaint against Mr. Ritter in the Circuit Court for Rhea County to recover the balance due under the Agreement. SunTrust filed a motion for summary judgment on February 10, 2017. Mr. Ritter, acting pro se, filed a motion in opposition to SunTrust's motion for summary judgment arguing that the action was time-barred. He asserted that, under the choice of law provision in the Agreement, Florida's five-year statute of limitations on contract actions applied. SunTrust filed a response to Mr. Ritter's motion arguing that the action was not time-barred. Specifically, SunTrust argued that Tennessee's six-year statute of limitations applied because procedural matters, such as statutes of limitations, are governed by the law of the forum.

The trial court heard the parties' motions on April 3, 2017. Mr. Ritter informed the court that he had not had time to review the case law SunTrust presented in its response to his motion. The trial court granted Mr. Ritter ten days to file reply to SunTrust's response. Nine days later, through counsel, Mr. Ritter filed an answer arguing that Florida's statute of limitations applied. Specifically, he argued that, although the statute of limitations appeared procedural in form, it was substantive in effect because it went to the right of SunTrust to recover or to his right to resist recovery. SunTrust filed a reply asserting that Tennessee law applied because Tennessee courts consider statutes of limitations to be procedural matters.

On May 3, 2017, the trial court entered an order denying SunTrust's motion for summary judgment. The court treated Mr. Ritter's motion to oppose summary judgment as a motion to dismiss for failure to state a claim and granted the motion, finding Florida's statute of limitations "substantive and applicable" because "it clearly speaks to the Plaintiff's right to recover and the Defendant's right to resist recovery." SunTrust timely appealed.

STANDARD OF REVIEW

In this case, the trial court ruled on two different motions: Mr. Ritter's motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) and SunTrust's motion for summary judgment. The trial court's determinations regarding whether a complaint should be dismissed for failure to state a claim and whether a party is entitled to summary judgment both present questions of law; therefore, our review is de novo, and we accord the trial court's decisions no presumption of correctness. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

Rule 12.02(6) provides relief when a complaint fails to state a claim upon which relief can be granted. *Webb*, 346 S.W.3d at 425-26. Motions filed pursuant to Rule 12.02(6) challenge "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Id* at 426. A court's ruling on a Rule 12.02(6) motion to dismiss "is determined by an examination of the pleadings alone." *Id.* When determining whether a complaint should be dismissed for failure to state a claim, the court "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)). The court should grant a motion to dismiss if it appears that the plaintiff cannot prove any set of facts in support of the claim entitling him or her to relief. *Webb*, 346 S.W.3d at 426.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must either submit evidence "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id.* at 265 (quoting TENN. R. CIV. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, or responses to interrogatories that "set forth specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." TENN. R. CIV. P. 56.06. If the moving party fails to show he or she is entitled to summary judgment, however, "'the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails.'" *Martin*, 271 S.W.3d at 83 (quoting *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)).

In determining whether a party is entitled to summary judgment, we must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 84 (citing *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000)). "The nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party." *Id.* (citing *McCarley*, 960 S.W.2d at 588). A disputed fact is material if it is determinative of the claim or defense at issue in the motion. *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

ANALYSIS

## I. Applicable Statute of Limitations

SunTrust contends that the trial court erred in applying Florida's statute of limitations to conclude that the complaint should be dismissed for failure to state a claim. When a court determines which state's law applies to a certain set of facts, it performs a choice of law analysis using the forum state's applicable rules. *Williams v. Smith*, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014). A preliminary step in the analysis is determining whether a conflict exists between the relevant laws of the two (or more) jurisdictions. *Boswell v. RFD-TV the Theater, LLC*, 498 S.W.3d 550, 555 (Tenn. Ct. App. 2016).

A conflict exists between the relevant laws in this case. In Tennessee, an action on a contract must be commenced within six years after the cause of action accrued or it will be barred. Tenn. Code Ann. § 28-3-109(a)(3). Florida law, on the other hand, requires that an action on a contract be commenced within five years or it will be barred. Fla. Stat. § 95.11(2)(b). In light of the conflict between Tennessee and Florida law, we will proceed with the choice of law analysis.

"'Tennessee will honor a choice of law clause if the state whose law is chosen bears a reasonable relation to the transaction and absent a violation of the forum state's public policy.'" *Boswell*, 498 S.W.3d at 556 (quoting *Bourland, Heflin, Alvarez, Minor & Matthews, PLC v. Heaton*, 393 S.W.3d 671, 674 (Tenn. Ct. App. 2012)). In this case, the parties to the Agreement chose the law of Florida, where the property securing the Agreement was located. Neither party disputes the validity or enforceability of the choice of law provision.

Although Tennessee will honor the parties' choice of law for substantive matters, "Tennessee law governs matters of procedure under our conflict of law principles." *Id.* The demarcation between laws that are substantive and those that are procedural is not always clear. *Id.* In Tennessee, a substantive law is defined as "'that part of the law which creates, defines, and regulates rights; that which creates duties, rights and obligations; the law which relates to rights and duties which give rise to a cause of action.'" *Solomon v. FloWarr Mgmt., Inc.*, 777 S.W.2d 701, 705 (Tenn. Ct. App. 1989) (quoting *Spencer Kellogg & Sons, Inc. v. Lobban*, 315 S.W.2d 514, 518 (Tenn. 1958)). As part of our choice of law analysis, we must determine whether a law is "substantive in effect" despite being "procedural in form." *Boswell*, 498 S.W.3d at 557 (quoting *Gordon's Transports, Inc. v. Bailey*, 294 S.W.2d 313, 324 (Tenn. Ct. App. 1956)). We have previously held that, when a rule from another jurisdiction affects the rights of a party either to recover or to resist recovery, the other jurisdiction's rule should be applied. *Id.*

The trial court in this case applied Florida's five-year statute of limitations for actions on contracts and found that SunTrust's claim was barred. The court reasoned that the Florida law was "substantive in effect" because "it clearly speaks to the Plaintiff's right to recover and the Defendant's right to resist recovery." We respectfully disagree with the trial court's reasoning. In *Sherwin-Williams Co. v. Morris*, 156 S.W.2d 350, 352 (Tenn. Ct. App. 1941), we held:

> "The character and extent of the remedy is governed by the laws of the forum or court, except where the remedy has been created inferentially with the right by statute, and has become a part of it. Subject to this exception, the law of the forum controls, as the form of the remedy, *statutes of limitations*, rules of pleading, set-off, the admissibility of evidence, the measure of damages for infringement of common-law rights, damages for breach of covenants of seizin, questions of costs, exemptions of personalty from execution, and homestead exemptions."

(quoting 12 C.J. 447, § 27) (emphasis added). Subsequent cases have reiterated the holding in *Sherwin-Williams*. *See Roberts v. Prill*, No. E2013-02202-COA-R3-CV, 2014 WL 2921930, at *6 (Tenn. Ct. App. June 26, 2014); *Beal Bank, S.S.B. v. RBM Co.*, No. 03A01-9902-CH-00041, 1999 WL 1076931, at *8 (Tenn. Ct. App. Nov. 30, 1999).

Examining the differences between statutes of limitations and statutes of repose helps to clarify why statutes of limitations are considered procedural matters. For instance:

> A statute of limitations governs the time within which suit may be brought once a cause of action accrued. A statute of repose limits the time within which an action may be brought, "but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued." *See Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995) (citing *Watts v. Putnam County*, 525 S.W.2d 488, 491 (Tenn. 1975); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A.2d 413, 421 (Del. 1984)). Statutes of repose are substantive and extinguish both the right and the remedy while statutes of limitations are procedural, extinguishing only the remedy. *See Wyatt v. A-Best Co.*, 910 S.W.2d 851 (Tenn. 1995).

*Jones v. Methodist Healthcare*, 83 S.W.3d 739, 743 (Tenn. Ct. App. 2001); *see also Myers v. Hayes Int'l Corp.*, 701 F.Supp. 618, 623-24 (M.D. Tenn. 1988). In other words, statutes of limitations are procedural because they merely extinguish a party's remedy for a cause of action, not the rights giving rise to a cause of action. Because statutes of limitations constitute procedural matters, the trial court should have applied Tennessee's statute of limitations for actions on contracts.

Pursuant to Tenn. Code Ann. § 28-3-109(a)(3), the statute of limitations for actions based on contracts is six years after the cause of action accrued. In matters involving installment notes, like this case, "the cause of action accrues on each installment when it becomes due . . . ." *Farmers & Merchs. Bank v. Templeton*, 646 S.W.2d 920, 923 (Tenn. Ct. App. 1982). Furthermore, if an installment note contains an acceleration clause, the cause of action for future non-delinquent installments accrues when the creditor accelerates the balance. *Id.* In this case, the record shows that SunTrust assessed a fee against Mr. Ritter's account when he failed to pay the January installment. He made a payment on February 15, 2011, that appears to have been for the January installment; however, he failed to pay the February installment or any subsequent installment. Upon his failure to pay the February installment when it became due, SunTrust's cause of action accrued on that installment. Thereafter, SunTrust accelerated the note pursuant to the Agreement's acceleration clause because Mr. Ritter failed to pay as promised.[3] At the time of acceleration, all future installments became due. SunTrust filed this lawsuit on September 20, 2016—five years and seven months after the cause of action on the February installment accrued. Thus, the lawsuit was timely filed pursuant to Tennessee's six-year statute of limitations for actions on contracts.

In light of the foregoing, we conclude that the trial court erred in granting Mr. Ritter's motion to dismiss for failure to state a claim.

## II. SunTrust's Motion for Summary Judgment

SunTrust next argues that the trial court should have granted its motion for summary judgment because no genuine issue of material fact exists. Specifically, SunTrust argues that it filed a specification of material facts with the motion for summary judgment, but Mr. Ritter failed to respond to each statement of fact. As a result, SunTrust asserts, each statement of fact is undisputed.

Tennessee Rule of Civil Procedure 56.03 provides, in pertinent part:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

---

[3] Regarding acceleration of the loan, the Agreement provided, in pertinent part:

> **Termination and Acceleration.** We can terminate your Credit Line Account and require you to pay us the entire outstanding balance in one payment, and charge you certain fees, if . . . [y]ou do not meet the repayment terms of this Credit Agreement.

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

When a party makes a properly supported motion for summary judgment, "the burden shifts to the nonmoving party to establish the existence of disputed material facts or that the moving party is not entitled to judgment as a matter of law." *Holland v. City of Memphis*, 125 S.W.3d 425, 427 (Tenn. Ct. App. 2003). The nonmoving party can oppose a motion for summary judgment "by pointing to the evidence in the record which indicates disputed material facts." *Id.* at 428 (citing *McCarley*, 960 S.W.2d at 588). Generally, "the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party." *Id.*; *see also Farmers Mut. of Tenn. v. Atkins*, No. E2014-00554-COA-R3-CV, 2014 WL 7143292, at *5 (Tenn. Ct. App. Dec. 15, 2014); *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012).

SunTrust's specification of material facts stated that there was no genuine issue for trial regarding the following facts: (1) Mr. Ritter executed the Agreement on February 16, 2007; (2) the Agreement was secured by a mortgage to real property located in Florida; (3) the real property was foreclosed on but SunTrust received no monies from the foreclosure sale because its mortgage was junior to that held by SunTrust Mortgage; (4) Mr. Ritter failed to pay as promised, with his last payment occurring on February 15, 2011; (5) Mr. Ritter owed $106,442.43 as of September 7, 2011; and (6) the loan documents provided for the continuing accrual of interest, late charges of five percent, court costs, and payment by Mr. Ritter of SunTrust's attorney's fees of fifteen percent. Mr. Ritter responded by filing a motion "in opposition to plaintiff's motion for summary judgment," which was effectively a response to SunTrust's motion. In his response, he admitted that the Agreement was secured by a mortgage on real property located in Florida and that the property was foreclosed upon. Mr. Ritter's response did not address any of the other facts set forth in SunTrust's specification of material facts. Moreover, Mr. Ritter did not point to evidence in the record indicating disputed material facts. Mr. Ritter merely argued in his response that SunTrust was not entitled to summary judgment because its complaint was time-barred by Florida's five-year statute of limitations. As we discussed above, however, SunTrust timely filed this lawsuit pursuant to Tenn. Code Ann. § 28-3-109(a)(3). Thus, Mr. Ritter failed to meet his burden of proof to "set forth specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06. We, therefore, conclude that SunTrust was entitled to summary judgment as a matter of law.

III.  <u>Attorney Fees</u>

Finally, SunTrust requests that it be awarded its attorney fees on appeal.  Litigants are generally required to pay their own attorney fees unless a statute or contract provision provides otherwise.  *John Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998).  The Agreement contains a provision that permits SunTrust to recover its reasonable attorney fees incurred to collect the debt in the event that Mr. Ritter defaulted.  We, therefore, determine that SunTrust is entitled to its reasonable attorney fees on appeal.  We remand this matter to the trial court for further proceedings to determine the amount of reasonable attorney fees to be awarded to SunTrust.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against the appellee, Matthew Robert Ritter, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE