IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 9, 2020 Session

## DENNIS HAROLD ULTSCH v. HTI MEMORIAL HOSPITAL CORPORATION

**Appeal from the Circuit Court for Davidson County**
**No. 19C1086      Joseph P. Binkley, Jr., Judge**

_____

### No. M2020-00341-COA-R9-CV

_____

This appeal concerns the interplay between the Tennessee Health Care Liability Act ("HCLA") and the common law on vicarious liability with respect to pre-suit notice in a health care liability claim against the principal only. We have determined that the provisions of the HCLA take precedence over the common law and that the plaintiff's claims in this case were timely filed. Therefore, we reverse the decision of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Richard D. Piliponis and Benjamin James Miller, Nashville, Tennessee, for the appellant, Dennis Harold Ultsch.

Bryan Essary, Nashville, Tennessee, and Matthew Hawkins Cline, Brentwood, Tennessee, for the appellee, HTI Memorial Hospital Corporation.

### OPINION

Sheila Warren was a patient at TriStar Skyline Medical Center ("Skyline") from January 7 through January 12, 2018. On the way home from the hospital, Ms. Warren died from acute respiratory failure. Dennis Ultsch, Ms. Warren's next of kin, filed suit against HTI Memorial Hospital Corporation d/b/a Skyline on May 6, 2019, asserting claims for health care liability. The complaint alleges that Skyline "is both directly and vicariously liable to plaintiff under the theory of *respondeat superior* for the acts or omissions of its employees and/or agents." Attached to the complaint are (1) an affidavit certifying that the

plaintiff sent to Skyline via certified mail on December 21, 2018, the notice required by Tenn. Code Ann. § 29-26-121 and (2) a copy of the notice letter.

Skyline filed a motion to dismiss the complaint, citing *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d 98, 106, 112 (Tenn. 2010), for the proposition that a principal cannot be held vicariously liable for the actions of alleged employees or agents when the plaintiff's claims against those agents were procedurally barred (in this case, by the statute of limitations) when the suit was filed. On November 12, 2019, the trial court entered an order granting Skyline's motion to dismiss with respect to vicarious liability claims but allowing the plaintiff thirty days to amend the complaint to properly plead direct negligence claims against Skyline. The plaintiff filed a motion for an interlocutory appeal of the November 12, 2019 order and a "motion to reconsider." The trial court denied the latter, which it treated as a motion to alter or amend, and granted the motion for an interlocutory appeal. This court granted the plaintiff's application for permission to appeal pursuant to Tenn. R. App. P. 9.

STANDARD OF REVIEW

As our Supreme Court has held, "the proper way to challenge a plaintiff's compliance with the health care liability notice requirements is through a motion to dismiss." *Estate of Bradley v. Hamilton Cnty.*, No. E2014-02215-COA-R3-CV, 2015 WL 9946266, at \*3 (Tenn. Ct. App. Aug. 21, 2015) (citing *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012)). A party filing a motion pursuant to Tenn. R. Civ. P. 12.02(6) asserts that the plaintiff has failed to state a claim upon which relief can be granted. The motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *see also Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). When ruling on Rule 12.02(6) motions, courts are to "'construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Webb*, 346 S.W.3d at 426 (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)).

When a defendant files a properly-supported motion to dismiss based on the plaintiff's failure to comply with Tenn. Code Ann. § 29-26-121, the plaintiff must demonstrate either that he or she complied with the statutory requirements or that he or she had "extraordinary cause for failing to do so." *Myers*, 382 S.W.3d at 307. The determination of whether a complaint should be dismissed for failure to state a claim is a question of law that appellate courts review de novo, with no presumption of correctness afforded to the trial court's decision. *Foster v. Chiles*, 467 S.W.3d 911, 914 (Tenn. 2015); *Webb*, 346 S.W.3d at 426.

ANALYSIS

We must determine whether the trial court properly granted Skyline's motion to dismiss the plaintiff's vicarious liability claims against the hospital.

The parties do not dispute the trial court's finding that, "when the Plaintiff asserted this vicarious liability claim against the principal (Skyline) on May 6, 2019, the statute of limitations as to any direct claims against the employees/agents had expired."[1] The trial court then concluded that "[t]he direct claims against the employees/agents were 'procedurally barred by operation of law' bringing them squarely within the fourth exception in *Abshure*" and that Skyline, as principal, could not "be held vicariously liable for any alleged negligence of its employees/agents." For the reasons discussed below, we disagree with the trial court's interpretation of *Abshure* and the court's application of the HCLA to this case.

In evaluating the trial court's decision, we look primarily to Tenn. Code Ann. § 29-26-121, part of Tennessee's Health Care Liability Act ("HCLA"), Tenn. Code Ann. §§ 29-26-102–122. Our Supreme Court has addressed the applicable rules of statutory construction:

> When determining the statute's meaning, we must determine and carry out the intent of the Legislature without broadening or restricting its scope. *Bray [v. Khuri]*, 523 S.W.3d [619,] 621 [(Tenn. 2017)] (citing *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 553 (Tenn. 2013)); *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015) (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)). We begin with the language chosen by the Legislature. *Arden [v. Kozawa]*, 466 S.W.3d [758,] 764 [(Tenn. 2015)]. "We presume that every word in a statute has meaning and purpose and that each word's meaning should be given full effect as long as doing so does not frustrate the General Assembly's obvious intention." *Ellithorpe*, 479 S.W.3d at 827 (citing *Johnson*, 432 S.W.3d at 848). When statutory language is clear and unambiguous, we accord the language its plain meaning and ordinary usage in the context within which it appears, without a forced interpretation. *Bray*, 523 S.W.3d at 622; *Ellithorpe*, 479 S.W.3d at 827; *Stevens*, 418 S.W.3d at 553. We do not alter a statute or substitute our policy judgment for that of the General Assembly. *Armbrister v. Armbrister*, 414 S.W.3d 685, 704 (Tenn. 2013) (quoting *Britt v. Dyer's Emp't Agency, Inc.*, 396 S.W.3d 519, 523 (Tenn. 2013)).

---

[1] Health care liability claims are subject to a one-year statute of limitations, Tenn. Code Ann. § 29-26-116, and the trial court ruled that "the statute of limitations as to the direct claims against the employees/agents began to run on the date of death, January 12, 2018, and expired one year later on January 12, 2019."

*Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 85-86 (Tenn. 2018). Moreover, "we presume that the Legislature knows the law and makes new laws accordingly." *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015).

The key statutory provision at issue here is Tenn. Code Ann. § 29-26-121(a)(1), which states:

> Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim *to each health care provider that will be a named defendant* at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(Emphasis added). This provision is mandatory and requires strict compliance. *Runions*, 549 S.W.3d at 86. Pre-suit notice enables "a potential defendant of a health care liability claim . . . [to] investigate the merits of the claim and pursue settlement negotiations before the start of the litigation." *Id.* (citing *Foster*, 467 S.W.3d at 915). Thus, pre-suit notice promotes the "early resolution of claims, which also serves the interest of judicial economy." *Id.*

The plain language of the statute requires a plaintiff "asserting a potential claim for health care liability" to give pre-suit notice to "each health care provider that will be a named defendant." Tenn. Code Ann. § 29-26-121(a)(1); *see also Runions*, 549 S.W.3d at 87. The HCLA defines "health care provider" to include "[a] nongovernmental health care facility licensed under title 68, chapter 11," Tenn. Code Ann. § 29-26-101(a)(2)(B), and there is no dispute that Skyline qualifies as a health care provider. A "[h]ealth care liability action" is defined as "any civil action . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, *regardless of the theory of liability on which the action is based*." Tenn. Code Ann. § 29-26-101(a)(1) (emphasis added). The statutory language encompasses any claim for injury related to the provision of health care services, regardless of the theory of liability. (In this case, the plaintiff asserts that Skyline is liable under the theory of respondeat superior for the actions of its agents and/or employees.) Moreover, the HCLA defines "health care services" as follows:

> Health care services to persons *includes care by health care providers*, *which includes care by* physicians, nurses, licensed practical nurses, pharmacists, pharmacy interns or pharmacy technicians under the supervision of a pharmacist, orderlies, certified nursing assistants, advance practice nurses, physician assistants, nursing technicians and *other agents, employees and representatives of the provider*, and also includes staffing, custodial or basic care, positioning, hydration and similar patient services.

- 4 -

Tenn. Code Ann. § 29-26-101(b) (emphasis added). Thus, the provision of health care services includes the provision of "care by health care providers," and that care includes care by the provider's "agents, employees, and representatives." *Id.* As applied to this case, these provisions mean that Skyline is subject to a claim for health care liability for the care provided by its agents and employees.

How do these provisions interact with the statute of limitations? Tennessee Code Annotated section 29-26-121(c) states, in pertinent part:

> When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. . . . In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for health care liability, nor shall more than one (1) extension be applicable to any provider.

Thus, when notice is given to a health care provider, the statute of limitations is extended for 120 days. Tenn. Code Ann. § 29-16-121(c). In the present case, pre-suit notice was provided to Skyline, thereby extending by 120 days the statute of limitations applicable to it. Pursuant to Tenn. Code Ann. §§ 29-26-116 and 28-3-104, the statute of limitations began to run on the date the cause of action accrued, which the trial court determined to be the date of Ms. Warren's death, January 12, 2018. By virtue of the pre-suit notice given to Skyline, the statute of limitations was extended for 120 days, thereby making the plaintiff's filing of a complaint on May 6, 2019, timely.

To escape the result dictated by the plain language of the HCLA, Skyline focuses its argument on caselaw regarding the theory of liability at issue here, respondeat superior, and not on the statutory language. More specifically, Skyline relies upon the decision of our Supreme Court in *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d at 98, a case decided under the law in effect prior to the amendments to the Tennessee Medical Malpractice Act requiring pre-suit notice and the 2011 enactment of the HCLA. *See Ellithorpe*, 479 S.W.3d at 824-26 (summarizing the development of the HCLA). In that case, Ms. Abshure filed a medical malpractice suit in general sessions courts against a hospital and two doctors. *Abshure*, 325 S.W.3d at 101. She voluntarily dismissed this lawsuit and, less than a year later, on June 23, 2003, Ms. Abshure and her husband refiled the same claims against the hospital and the two doctors in circuit court. *Id.* The trial court entered an order of voluntary dismissal as to the two doctors on July 8, 2005. *Id.* at 102. On May 2, 2008, the hospital filed a motion for summary judgment arguing that the plaintiffs' "only claim against the hospital was premised on the hospital's vicarious liability for the acts of Dr. Ogle" and that their "claims against Dr. Ogle were now barred by operation of law by the statute of repose for medical malpractice actions and by Tenn. R. Civ. P. 41.01(2)." *Id.* The trial court accepted these arguments and granted the hospital's

motion for summary judgment. *Id.* The Court of Appeals determined that, because the plaintiffs' initial case was filed before the expiration of the statute of repose, the subsequent expiration of the statute of repose did not extinguish their vicarious liability claims. *Id.* However, we affirmed the trial court's dismissal based upon the second voluntary nonsuit.[2] *Id.* at 102-03.

For purposes of the present appeal, we consider the Supreme Court's *Abshure* decision on the issue of whether the plaintiffs' complaint against the hospital based on vicarious liability "must be dismissed because [the plaintiffs'] direct claims against Dr. Ogle became barred after they filed their complaint against [the hospital]." *Id.* at 105. The Court also framed the issue more broadly as a question "regarding the limitations that should be placed on the ability of plaintiffs to pursue vicarious liability claims against a principal without also pursuing claims directly against the agent." *Id.* In this context, the Court examined relevant common law principles of vicarious liability. *Id.* 105-10. To begin with, the Court set out the following "well-established" Tennessee "common-law framework":

> It has long been recognized in Tennessee that a principal may be held vicariously liable for the negligent acts of its agent when the acts are within the actual or apparent scope of the agent's authority. *It is also generally recognized that a plaintiff may sue a principal based on its vicarious liability for the tortious conduct of its agents without suing the agent.* Even where the agent's conduct is the sole basis for the principal's liability, the agent remains a "proper, but not a necessary" party. *Thus, a plaintiff is free to sue the agent, the principal, or both.*

*Id.* at 105-06 (emphasis added) (footnotes omitted). Thus, the common law rule allows a plaintiff to sue the principal and not the agent.

The Court in *Abshure* stated that, despite the rule allowing a plaintiff to sue the agent, the principal, or both, caselaw has "recognized that there are certain circumstances in which it would be improper to permit a plaintiff to proceed solely against a principal based on its vicarious liability for the conduct of an agent." *Id.* at 106. The circumstances warranting an exception to the general rule include the following:

> (1) when the agent has been exonerated by a finding of non-liability; (2) when the plaintiff has settled its claim against the agent; (3) when the agent

---

[2] This court concluded that the plaintiffs' second voluntary nonsuit extinguished their right of action against Dr. Ogle "by operation of law" and precluded an assessment of liability against him. *Abshure*. 325 S.W.3d at 102-03. Therefore, we reasoned, the hospital could not be held vicariously liable for his actions. *Id.* at 103. On appeal, our Supreme Court determined that the plaintiffs, by their second voluntarily dismissal, "gratuitously dismissed these claims" against Dr. Ogle and that there was no settlement of the claims. *Id.* at 112. The Court, therefore, disagreed with the result reached by the Court of Appeals on this issue.

is immune from suit, either by statute or by the common law; and (4) when the plaintiff's claim against the agent is procedurally barred by operation of law before the plaintiff asserts a vicarious liability claim against the principal.

*Id.* Although the Court reviewed all of the exceptions, we focus our attention on its analysis regarding the fourth exception: "the exclusion of vicarious liability claims against principals 'when the right of action against the agent is extinguished by operation of law.'" *Id.* at 109 (quoting *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 345 (Tenn. 2002). Noting that "rights of action may be extinguished by operation of law in many different ways," the Court discussed two cases dealing with "procedural bars associated with the statute of repose and the res judicata doctrine." *Id.*

In *Huber v. Marlow*, this court held that "the plaintiffs could not amend their complaint to add a vicarious liability claim against the principal because their claims against the agent had been extinguished by operation of law—the running of the statute of repose." *Abshure*, 325 S.W.3d at 110 (citing *Huber*, No. E2007-01879-COA-R9-CV, 2008 WL 2199827, at *3-4 (Tenn. Ct. App. May 28, 2008)). The plaintiffs in *Creech v. Addington* also attempted to amend their complaint to add a claim of vicarious liability. *Abshure*, 325 S.W.3d at 110. The Court "concluded that the plaintiffs could not pursue their vicarious liability claim against the principal because the doctrine of res judicata had extinguished their claims against the agents by operation of law." *Id.* (citing *Creech*, 281 S.W.3d 363, 376-83 (Tenn. 2009)). As reflected in these two cases, the fourth limitation on vicarious liability claims "arises when the plaintiff attempts to assert a vicarious liability claim against the principal after its right to assert a claim against the agent has become procedurally barred." *Id.* at 110. This exception stems from the idea that "plaintiffs should not be permitted to engage in an 'encircling movement' against the principal when they cannot pursue a 'frontal attack' on the agent." *Id.* (quoting *Graham v. Miller*, 187 S.W.2d 622, 625-26 (Tenn. 1945); *Raines v. Mercer*, 55 S.W.2d 263, 264 (Tenn. 1932)).

The *Abshure* Court emphasized that the *Creech* and *Huber* decisions "were heavily influenced by the fact that the plaintiffs did not assert a vicarious liability claim against the principal when they first filed suit, even though they could have." *Id.* at 111. Thus, the exception "does not apply in circumstances where the plaintiff has initially filed a vicarious liability claim against the principal, and the plaintiff's claims against the principal's agents are later extinguished by operation of law." *Id.* The Court further stated:

> Extending the procedural limitation recognized in *Creech v. Addington* and *Huber v. Marlow* to plaintiffs who have included a vicarious liability claim in their original complaint would be contrary to the traditional principle that plaintiffs may elect to sue the principal, the agent, or both. In circumstances where the plaintiff has properly asserted a vicarious liability claim against the principal, the extinguishment of the plaintiff's claims against the agent,

- 7 -

by voluntary dismissal or otherwise, "merely produce[s] the same effect as if the [agent] had never been sued. . . ."

*Id.* (quoting *Rankhorn v. Sealtest Foods*, 479 S.W.2d 649, 652 (Tenn. Ct. App. 1971)). Applying these principles to the facts before it, the Court noted that the plaintiffs "filed a proper vicarious liability claim against [the hospital] before their claims against Dr. Ogle were extinguished by operation of law." *Id.* at 112. Therefore, "the subsequent procedural bar of their claims against Dr. Ogle does not prevent [the plaintiffs] from pursuing their timely filed vicarious liability claim against the hospital." *Id.*

As previously stated, the Court's analysis in *Abshure* was based upon the law in effect prior to the pre-suit notice provisions and the HCLA. If we apply the fourth exception to vicarious liability identified in *Abshure* to the plaintiff's vicarious liability claims against Skyline in the present case, the result would likely be to bar their claims because, at the time that they filed their complaint against Skyline (May 6, 2019), the one-year statute of limitations had run on any direct claims against the agents/employees (on January 9, 2019).[3] Under the plain language of the HCLA, however, as discussed above, the plaintiff's claims against Skyline are timely. How do we resolve the conflict between the common law principles described in *Abshure* and the plain language of the HCLA?

In the event of a conflict between the common law and a statute, the statute prevails. *McClay v. Airport Mgmt. Servs., LLC*, 596 S.W.3d 686, 690 n.3 (Tenn. 2020); *Meyers v. First Tenn. Bank, N.A.*, 503 S.W.3d 365, 377 (Tenn. Ct. App. 2016). Moreover, "[w]hen the Legislature 'has acted to occupy an area of the law formerly governed by the common law, the statute must prevail over the common law in the case of conflict.'" *Buman v. Gibson*, No. W2013-01867-COA-R3-CV, 2014 WL 3893293, at *9 (Tenn. Ct. App. Aug. 11, 2014) (quoting *Hodge v. Craig,* 382 S.W.3d 325, 338 (Tenn. 2012)). The provisions of the HCLA at issue here, namely the definitions in Tenn. Code Ann. § 29-26-101 and the pre-suit notice provisions in Tenn. Code Ann. § 29-26-121, were substantially amended in 2008, 2009, and 2011. *See Ellithorpe*, 479 S.W.3d at 824-26. Our Supreme Court has stated that, "The overarching purpose of the pre-suit notice statute is to ensure that health care defendants receive timely notice of a forthcoming lawsuit." *Arden v. Kozawa*, 466 S.W.3d 758, 764 (Tenn. 2015). The new definitional provisions enacted in 2011 generally clarified the scope of the HCLA by substituting the term "health care liability" for "medical malpractice" and by defining a "health care liability action" to include "'any civil action . . . alleging that a health care provider or providers'" caused an injury related to the

---

[3] The precise limitation described in *Abshure* requires that the agent's "'right of action against the agent is extinguished by operation of law.'" *Abshure*, 325 S.W.3d at 109 (quoting *Johnson*, 74 S.W.3d at 345). While "[s]tatutes of repose are substantive and extinguish both the right and the remedy," "statutes of limitations are procedural, extinguishing only the remedy." *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 743 (Tenn. Ct. App. 2001). Thus, it could be argued that, because the statute of limitations does not extinguish the right of action, the limitation does not apply where a direct claim against the agent is barred by the statute of limitations.

- 8 -

provision of health care services, "'*regardless of the theory of liability on which the action is based.*'" *Ellithorpe*, 479 S.W.3d at 826 (quoting Tenn. Code Ann. § 29-26-101(a)(1)).

The result reached here is consistent with the purposes and the language of the HCLA. Application of the common law principle would conflict with the outcome prescribed by the HCLA. Subsection (c) of Tenn. Code Ann. § 29-26-121 states: "In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for health care liability, nor shall more than one (1) extension be applicable to any provider." Were we to follow the common law rule relied upon by Skyline, the result would be to effectively shorten the time for pre-suit resolution of claims for vicarious liability cases brought solely against the principal. To avoid the trap envisioned by Skyline, a plaintiff choosing to sue the principal, and not the agents, would be required to give the principal pre-suit notice at least sixty days prior to the date upon which the statute of limitations applicable to the agent expires in order to benefit from the 120-day extension set forth in Tenn. Code Ann. § 29-26-121(c). A plaintiff could also give pre-suit notice to the agent/employee, but Tenn. Code Ann. § 29-26-121(a)(1) requires pre-suit notice only for "a named defendant." Moreover, as discussed above, the HCLA definition of "health care provider" includes nongovernmental hospitals, Tenn. Code Ann. § 29-26-101(a)(2)(B), and the statute does not change the common law rule that a plaintiff may choose to sue the principal and not the agent.

For all of these reasons, we conclude that, in health care liability cases in which a plaintiff chooses to sue only the principal, the provisions of the HCLA on pre-suit notice prevail over the common law exception in *Abshure* with respect to the tolling of the statute of limitations.[4] Therefore, we hold that the trial court erred in dismissing the plaintiff's vicarious liability claims against Skyline.

---

[4] The plaintiff also argues that the trial court erred in dismissing his vicarious liability claims against Skyline because the hospital failed to comply with Tenn. Code Ann. § 29-26-121(a)(5) by failing, "within (30) days of receiving [pre-suit] notice . . . [to] provide written notice to the potential claimant of any other person, entity, or health care provider who may be a properly named defendant." In light of the preceding analysis, we need not address this argument. Moreover, our Supreme Court recently held that Tenn. Code Ann. § 29-26-121(a)(5) "provides no remedy for noncompliance, and that [the defendants'] noncompliance does not constitute extraordinary cause sufficient to excuse [the plaintiff's] failure to provide [the proper principal defendant] with pre-suit notice." *Bidwell ex rel. Bidwell v. Strait*, No. E2018-02211-SC-R11-CV, 2021 WL 260975, at *1, -- S.W.3d -- (Tenn. Jan. 26, 2021).

CONCLUSION

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellee, HTI Memorial Hospital Corporation, and execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE